UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
==================================================

STEPHANIE FLAGLER,

                  Plaintiff,

      v.                                   6:08cv00138 NPM/ATB

MATTHEW E. TRAINOR, Assistant
District Attorney, Fulton County, N.Y., and
THE COUNTY OF FULTON, N.Y.,

                  Defendants.

---

APPEARANCES

| | |
|---|---|
| LOCKWOOD AND GOLDEN | Lawrence W. Golden, Esq. |
| Attorney for plaintiff | |
| 1412 Genesee Street | |
| Utica, New York     13502 | |
| | |
| Murphy, Burns, Barber & Murphy, LLP | Thomas K. Murphy, Esq. |
| Attorney for defendants | |
| 226 Great Oaks Boulevard | |
| Albany, New York     12203 | |

NEAL P. McCURN, Senior U.S. District Court Judge

### <u>MEMORANDUM - DECISION AND ORDER</u>

Plaintiff Stephanie Flagler ("Flagler") brings this civil rights action against

Matthew E. Trainor, Assistant District Attorney for the County of Fulton, New

York ("Trainor") and the County of Fulton, New York ("County") (collectively, "defendants") pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Flagler seeks redress for alleged violations of her civil rights in the form of compensatory and punitive damages and legal costs and expenses, including reasonable attorneys' fees.  Flagler further invokes the pendent and supplemental jurisdiction of the court to decide claims arising under state law, including claims for false imprisonment / detention, false arrest, abuse of process, intentional and negligent infliction of emotional distress and mental anxiety, invasion of privacy, making of a false and fraudulent statement, libel, slander and defamation.  Flagler asserts that the court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and 1367(a). For the reasons set forth below, the defendants' motion to dismiss is granted.

## I.     FACTS AND PROCEDURAL HISTORY

The following facts are taken from Flagler's complaint and all allegations are accepted as true for the purpose of this motion.  Flagler was the complaining witness and victim in the case of <u>People of the State of New York against Brandon G. Becker</u>, Case Number 2006-126, and testified before a Fulton County Grand Jury in the Fall of 2006.  As a result, an indictment was handed down against Brandon Becker, with the criminal case scheduled for trial on March 12, 2007 in

Fulton County.  On March 1, 2007, Flagler alleges that Trainor, without any proper cause or justification, prepared and presented an affirmation to the Fulton County Court, seeking a court order and warrant adjudging Flagler a material witness and fixing bail to secure her appearance at the criminal trial.  Flagler asserts that prior to the affirmation before the court, Trainor had made no attempt to notify her of the upcoming trial date and had made no attempt to serve a trial subpoena on her at her residence, at work, or at the school she was attending. Flagler states that Trainor had all her addresses by virtue of her Grand Jury trial testimony.  In his affirmation to the Fulton County Court, Trainor stated that Flagler "has been avoiding service of a subpoena for the upcoming trial" and "had plans to leave the state on Monday, March 5 and will not return until March 12," the latter statement allegedly based on a hearsay statement from Becker's ex-wife.

On the basis of Trainor's affirmation, a Fulton County Court Judge issued an order dated March 1, 2007, directing Flagler to appear at a hearing at the county courthouse on March 7, 2007 for a determination as to whether Flagler should be adjudged a material witness in the action. The judge also issued a material witness warrant to any police or peace officer in New York State commanding that the plaintiff be taken into custody and brought before the Fulton County Court to determine whether she should be adjudged a material witness.

Without knowledge of the order and warrant, Flagler made a telephone call to Trainor on Tuesday, March 6, 2007, in response to two voice mail messages left by Trainor on her cell phone.  In this phone call, Trainor, allegedly for the first time, advised Flagler of the trial date of March 12th, and Flagler assured Trainor that she would appear the following Monday, March 12, 2007 to testify for the People at the criminal trial against Brandon Becker.  Immediately after the phone call on March 6, Flagler faxed a letter to the Fulton County District Attorney's office to the attention of District Attorney Louise Sira or Trainor confirming that she would appear in Fulton County Court on March 12, 2007, and explaining that she needed a subpoena to give to her school to explain her absence on March 12. Despite these assurances from Flagler, Trainor allegedly directed or allowed the execution of the material witness arrest warrant to proceed, and Flagler was taken into police custody at her residence on the morning of Wednesday, March 7, and transported to the Utica police station in handcuffs.  She was transferred to the New York State Police and transported by them, in handcuffs, to Little Falls, and then to Fonda, New York.  She was taken into custody by the Fulton County Sheriff's Department, who transported her to the Fulton County Courthouse in Johnstown, New York.  After Flagler was brought before State Supreme Court Judge Richard T. Aulisi, Trainor failed to disclose to Judge Aulisi that Flagler had

called and faxed his office the day before indicating her willingness to cooperate and assuring him that she would appear and testify at the trial on March 12.  Judge Aulisi asked Trainor if it was his position that a remand would be appropriate, and Trainor advised the court that Flagler should be remanded to the Fulton County Correctional Facility.  Flagler was remanded back to the custody of the Fulton County Sheriff's Department and transported in handcuffs to the Fulton County jail where she was incarcerated overnight without bail pending an appearance before a county court judge at 9 a.m. the following morning.  At that hearing, Trainor once again failed to advise the presiding judge that Flagler had telephoned him and faxed a letter stating her willingness and intention to testify at trial. Flagler also alleges that Trainor misled the court and caused Flagler's cell phone to be confiscated.  Telephone records allegedly indicate that someone at the Fulton County District Attorney's Office attempted to make phone calls with Flagler's phone, in an attempt to obtain Flagler's voice mail messages, without benefit of a warrant or court order.  Flagler's cell phone was purportedly seized in connection with the prosecution of Brandon Becker and as of the date of Flagler's complaint, filed February 5, 2008, the phone had not been returned to her.

Other allegations against Trainor include that he improperly directed and facilitated the illegal and/or improper recording of Flagler's telephone

conversations without warrant or court order, and that Trainor maligned, slandered and libeled Flagler in statements to the news media, stating that Flagler had been "hiding out" in various places, a statement that had not been alleged in his affirmation to the court.

## II.   DISCUSSION

As a threshold matter, the court notes that in their motion to dismiss, defendants raise three points. First, they argue that plaintiff's complaint as against Trainor in his official capacity is barred by the Eleventh Amendment and should be dismissed. Second, they argue that a prosecutor acting within the scope of his or her duties in initiating and pursuing a criminal prosecution is entitled to absolute immunity from an action for damages under §1983.  Finally, defendants argue that plaintiff's Monell[1] claim for municipal liability against the County of Fulton should be dismissed because the complaint contains no claim that plaintiff's alleged injuries were caused by an unconstitutional policy, custom or practice on the part of the county.  In their reply memorandum in further support of the motion to dismiss (Doc. No. 17), defendants agree that no federal claim has been alleged pursuant to 42 U.S.C. § 1983 against Trainor in his official capacity,

---

[1]    See Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978).

nor has plaintiff asserted a <u>Monell</u> claim against Fulton County for municipal liability.  Accordingly, the only remaining issue for the court's consideration pursuant to the motion to dismiss is the defendants' argument that Trainor is entitled to absolute immunity.

      A.     Standard for Motion to Dismiss

Currently before the court is defendants' motion to dismiss plaintiff's complaint in its entirety pursuant to Fed.R.Civ.P. Rule 12(b)(6) and/or 12(c). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." <u>Patel v. Contemporary Classics of Beverly Hills</u>, 259 F.3d 123, 126 (2d Cir. 2001).  "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle him to relief." <u>Id.</u> (internal citations omitted).

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." <u>Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d 774, 779 (2d Cir. 1984).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When deciding a

motion to dismiss, the court must accept as true the well pleaded allegations of the

complaint. Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807 (1994).  As stated

above, the allegations of the complaint should be construed favorably to the

pleader. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct 1683 (1973).

B.    42 U.S.C. § 1983

In order to prevail on a claim under 42 U.S.C.A. § 1983 , a plaintiff must

establish the violation of a right secured by the Constitution and laws of the United

States, and that the violation was committed by a person acting under color of state

law.  Title 42 U.S.C. s 1983 provides in pertinent part that :

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory,
> subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution . . . shall be
> liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (West 2010).

C.    Absolute Immunity

It is well-settled law that "'a state prosecuting attorney who acted within the

scope of his duties in initiating and pursuing a criminal prosecution' is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005), quoting Imbler v. Pachtman, 424 U.S. 409, 410, 431 (1976).  See also, Kalina v. Fletcher, 522 U.S. 118, 124 (1997) ("a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution was not amenable to suit under § 1983"); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity"); Imbler, 424 U.S. at 420 ("The Courts of Appeals .... are virtually unanimous that a prosecutor enjoys absolute immunity from §1983 suits for damages when he acts within the scope of his prosecutorial duties.").

Betts v. Richard, 726 F.2d 79 (2d Cir. 1984) was the "first case in this circuit raising the question as to whether a witness in a criminal prosecution has a viable 1983 claim against the prosecutor for violation of the constitutional rights of the witness." Id. at 80. The Betts court, citing Imbler as the seminal case in the area of prosecutorial immunity, noted that the prosecutor in Imbler was charged with "having knowingly used false testimony in the criminal trial in which the plaintiff was the defendant. The Court held that the prosecutor was clothed with

absolute immunity under Section 1983.  The Court said:

> To be sure, this immunity does leave the genuinely
> wronged defendant without civil redress against the
> prosecutor whose malicious or dishonest action deprives
> him of liberty. But the alternative of qualifying a
> prosecutor's immunity would disserve the broader public
> interest. It would prevent the vigorous and fearless
> performance of the prosecutor's duty that is essential to
> the proper functioning of the criminal justice system.

Betts, 726 F.2d at 80, quoting Imbler, 424 U.S. at 427-28.

In weighing these alternatives, the Imbler court wrote that "[a]s is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." Id. at 428, quoting Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949), cert. denied, 339 U.S. 949 (1950).  The Imbler court held only that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983" (Imbler, 424 U.S. at 431)while indicating that "the functional nature of the activities would determine the extent of the immunity." Betts, 726 F.2d at 80.

The Supreme Court has revisited this issue over the years, more recently in Van de Kamp v. Goldstein, 129 S.Ct. 855, 861 (2009) where it noted that "[i]n the

years since <u>Imbler</u>, we have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding ... or appears in court to present evidence in support of a search warrant application [internal cites omitted]. We have held that absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, when the prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant application." <u>Van de Kamp</u>, 129 S. Ct. at 861 (internal citations omitted).

This court takes notice of the high hurdle a plaintiff must clear in order to counter the defense of absolute immunity of a prosecutor preparing to initiate a judicial proceeding.  However, in the case at bar, Flagler argues that Trainor was acting as a complaining witness when he prepared and affirmed under penalties of perjury an affirmation to the court seeking a material witness order and warrant against Flagler. Doc. No. 15 at p. 8.  Flagler also alleges that Trainor's affirmation contained false statements that Trainor knew to be untrue, and he therefore is not entitled to absolute immunity. <u>Id.</u>

In <u>Burns v. Reed</u>, 500 U.S. 478, 490 (1991), the Court picked up where it left off in <u>Imbler</u> and endorsed a "functional" approach in determining whether a nonjudicial officer is entitled to absolute immunity.  Citing <u>Imbler</u>, the Court reiterated that a prosecutor is absolutely immune for initiating a prosecution and

for presenting the State's case. The Court also observed that "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution." <u>Burns</u>, 500 U.S. at 491.  "In determining whether particular actions of government officials fit within a common-law tradition of absolute immunity, or only the more general standard of qualified immunity, we have applied a "functional approach which looks to the nature of the function performed and not to the identity of the actor who performed it." <u>Buckley v. Fitzsimmons</u>, 509 U.S. at 269.  "In concluding [in <u>Imbler</u>] that 'in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983,' we did not attempt to describe the line between a prosecutor's acts in preparing for those functions, some of which would be absolutely immune, and his acts of investigation or 'administration, which would not." <u>Buckley</u>, 509 U.S. at 270.  In <u>Betts</u>, as in the case at bar, the court of appeals held that "[i]t is clear that the issuance of the [warrant] was intimately associated with procuring the attendance of a witness for imminent trial. Absolute immunity attaches to this act, and any claimed improper motivation is irrelevant." 726 F.2d at 81.  Accordingly, the court finds that Trainor was intimately associated with procuring the attendance of a witness for imminent trial, and as such, was cloaked in the protection of absolute immunity.

**III.   CONCLUSION**

For the reasons set forth <u>supra</u>, the court hereby GRANTS defendants

motion to dismiss the federal claims in this action, and declines to exercise

supplemental or pendent jurisdiction over Flagler's state law claims. The Clerk is

instructed to close this case.

SO ORDERED.

September 15, 2010

_____

Neal P. McCurn
Senior  U.S. District Judge